IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

CHARLES FRANK WILLIAMS, #12936-018                PETITIONER

VS.                CIVIL ACTION NO.  5:04cv91-DCB-JCS

CONSTANCE REESE, WARDEN[1]                RESPONDENT

REPORT AND RECOMMENDATION

       This matter is before the Court on the Petition filed pursuant to 28 U.S.C. § 2241.  For the reasons explained below, the undersigned finds that the Court is without jurisdiction to consider this Petition, and, therefore, recommends that this matter be transferred to the United States District Court for the Southern District of Florida, in whose jurisdiction the Petitioner and his current custodian may be found.

DISCUSSION

       When the Petitioner filed this action, he was an inmate at the Federal Correctional Institution in Yazoo City, Mississippi ("FCI-Yazoo City").   Petitioner has recently notified the Court that he has been transferred to the Federal Correctional Institution located at Miami, Florida. See Docket entry 43 (2/22/06).  Named as Respondent in this action is Michael Pettiford, the Warden of FCI-Yazoo City at the time the action was filed.

       Under Title 28 U.S.C. § 2242, the application for a writ of habeas corpus shall "name ... the person who has custody over" the petitioner as the respondent.  Accordingly, when this action was filed, the proper respondent was Pettiford, the Warden of FCI-Yazoo City where Williams was housed. See

---

[1]The proper Respondent is Constance Reese, the current Warden at the Federal Correctional Complex, Yazoo City, Mississippi, rather than Michael Pettiford, the former Warden.

1

Braden v. 30th Judicial Circuit, 410 U.S. 484 (1973).  However, since Williams's transfer to the facility in Florida, Petitioner's custodian is not within this district.  "It is well settled that "'[a] district court may not entertain a habeas corpus action unless it has personal jurisdiction over the custodian of the prisoner.'" Ledher v. Thornburgh, 733 F.Supp. 454 (D. D.C. 1990)(quoting Guerra v. Meese, 786 F.2d 414 (D.C. Cir. 1986)).  Moreover, the United States Supreme Court has recently discussed this issue, finding "[t]he plain language of the habeas statute thus confirms the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." Rumsfeld v. Padilla, 542 U.S. 426, 443 (2004).  In Padilla, the Supreme Court further expounded upon the issue, stating, as follows:

> In habeas challenges to *present* physical confinement... the district of confinement is *synonymous* with the district court that has territorial jurisdiction over the proper respondent.  This is because, as we have held, the immediate custodian rule applies to core habeas challenges to present physical custody.  By definition, the immediate custodian and the prisoner reside in the same district.

Id., 542 U.S. at 444 (emphasis in original).  In reaching this conclusion, the Supreme Court noted that "when the Government moves a habeas petitioner after [he] properly files a petition naming [his] immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release." Id., 542 U.S. at 441 (citing Ex parte Endo, 323 U.S. 283(1944)).  However, this proposition does not assist the Petitioner in this case because his immediate custodian, the Warden of Miami -FCI, is not within this court's jurisdiction, and the named Respondent, Pettiford, as Warden of FCI-Yazoo City, no longer has legal authority to effectuate Williams's release.

Accordingly, because this Court does not have jurisdiction over Williams's current custodian in Florida, this court lacks jurisdiction to consider his petition.  Moreover, 28 U.S.C. §§ 1404(a) and 1406(a) provide for discretionary transfers of cases.  Therefore, the hereby recommends that the Clerk of Court be ordered to transfer this action, along with all records and pending motions, to the United States District

Court for the Southern District of Florida, 301 North Miami Ave., Miami, FL 33128, where jurisdiction will lie. See <u>Diogenes v. Malcolm</u>, 600 F.Supp. 815 (E.D. Pa. 1985)(action transferred to district court in which federal prisoner was housed); <u>Scott v. United States</u>, 586 F.Supp. 66 (E.D. Va. 1984)(action dismissed for lack of jurisdiction over petitioner and warden); <u>see</u> <u>also</u> <u>Ledher v. Thornburgh</u>, 733 F.Supp. 454 (D. D.C. 1990)(action dismissed for lack of jurisdiction because appropriate respondent not within the court's jurisdiction was not named as respondent in suit); <u>Hooker v. Sivley</u>, 187 F.3d 680, 682 (5th Cir. 1999)(§ 2241 petition "must be filed in the district where the prisoner is incarcerated.").

    The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. §636, <u>Douglass v. United Services Automobile Association</u>, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

    RESPECTFULLY SUBMITTED, this the ___7th___ day of __March_____, 2006.

                                                 S/ James C. Sumner
                                            UNITED STATES MAGISTRATE JUDGE